Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3334 | **DATE** | March 15, 2011 |
| **CASE TITLE** | William T. Gore (#6105709) vs. Maurice Macklin, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff is ordered to show good cause in writing why the complaint should not be dismissed for want of service on the defendants/for lack of prosecution. Failure to show cause within fourteen days of the date of this order will result in summary dismissal of this case pursuant to Fed. R. Civ. P. 4(m).

■ **[For further details see text below.]** **Docketing to mail notices.**

## STATEMENT

The plaintiff, currently an Iowa state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Cook County Jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety and medical needs. This matter is before the court to verify the plaintiff's interest in pursuing his claims.

On January 21, 2011, the court issued alias summonses for service on the defendants by the U.S. Marshal. The order specifically directed the plaintiff either to provide additional identifying information for the defendants, or to file an amended complaint naming a supervisory official in a position to identify the defendants. However, the Marshal has filed an unexecuted return of service stating that the plaintiff refused to accept their mail to him requesting that he complete and return service forms.

The Federal Rules provide: "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant. . . ." Fed. R. Civ. P. 4(m). In the case at bar, although the Marshal has been appointed to attempt service on the defendants, the Marshal cannot effect service without the plaintiff's cooperation. The court additionally notes that the docket reflects no activity whatsoever on the part of the plaintiff since he initiated suit in June 2010. It would appear that the plaintiff may have lost interest in pursuing his claims. The court will not prosecute the plaintiff's case for him.

**(CONTINUED)**

mjm

## STATEMENT (continued)

For the foregoing reasons, the plaintiff is ordered to show good cause in writing why this case should not be dismissed for want of service or, in the alternative, for want of prosecution. Failure to respond within fourteen days of the date of this order will result in summary dismissal of this action, on the understanding that the plaintiff no longer wishes to proceed with this lawsuit.